UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bounpheng SORYADVONGSA,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>　　　　　　　　Respondents. | Case No.: 25-cv-2663-AGS-DDL<br><br>**ORDER SCREENING HABEAS PETITION (ECF 1), GRANTING MOTION TO APPOINT COUNSEL (ECF 2), DENYING TEMPORARY RESTRAINING ORDER (ECF 3), AND SETTING HEARING** |

　　　　Petitioner Bounpheng Soryadvongsa seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. (*See* ECF 1.) He also requests counsel appointment and a temporary restraining order. (*See* ECF 2; ECF 3.)

## SCREENING

　　　　The Court first must screen the habeas petition and dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id*., Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). "[A]s long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　　According to Soryadvongsa's petition, "on November 27, 2002," an Immigration Judge ordered him "removed" from the United States. (ECF 1, at 25.) Over the next "three months," Immigration and Customs Enforcement (ICE) purportedly "tried and failed to" deport him to Laos, his apparent home country, before it "gave up and released him[.]" (*Id.* at 3, 25.) Since then, he has been convicted of "several" drug crimes, and last year ICE again detained him for "three days" before releasing him with a "wrist monitor for four months." (*Id.* at 25.) He otherwise "worked as a welder" while out of custody. (*Id.*)

1

Although ICE previously released Soryadvongsa, it may "revoke [his] release" and "return [him] to custody if, on account of changed circumstances," ICE "determines that there is a significant likelihood" that he "may be removed in the reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2). In fact, on "September 23, 2025," ICE allegedly detained Soryadvongsa again. (*See* ECF 1, at 3, 25.) Yet Soryadvongsa argues that the government will run into the same stumbling block as before because "[n]o repatriation agreement exists between Laos and the United States." (*Id.* at 4, 25.) He notes that a June 2025 Presidential Proclamation reiterated that "Laos has historically failed to accept back its removable nationals." (*Id.* at 5.) "As a result, there are around 4,800 nationals of Laos living in the United States with final removal orders who have not been removed." (*Id.* at 4.) "Last year, zero people were removed to Laos; in the five years before that, between 0 and 11 people were removed per year." (*Id.*) In response to a U.S. travel ban on Laos earlier this year, the Lao government issued travel documents to only "a few dozen nationals of Laos with final removal orders." (*Id.* at 6.)

At this stage, Soryadvongsa has adequately alleged that the government will again be unable to remove him, at least for the "reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2). So, he states a claim that is cognizable enough to warrant the government's answer. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (holding that any interpretation of the relevant detention statute—8 U.S.C. § 1231—that would permit "indefinite detention of an alien would raise a serious constitutional problem").

## MOTION TO APPOINT COUNSEL

Soryadvongsa requests appointed counsel. (*See* ECF 2.) Courts may appoint an attorney for an "impoverished habeas petitioner" seeking relief under 28 U.S.C. § 2241 when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate a petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As a threshold matter, Soryadvongsa sufficiently alleges that he cannot afford to hire counsel. He asserts that he is "indigent," does not have "the money to hire a lawyer" (ECF 2, at 3), his family lacks "sufficient funds" to help, and he does "not have free access to the internet" in custody (ECF 1, at 25).

Turning to his likelihood of success, Soryadvongsa points to the circumstances previously discussed and emphasizes that "ICE has proved unable to remove him for 23 years." (ECF 2, at 4.) As explained in more detail in the next section, there is scant evidence before the Court as yet. But if Soryadvongsa proves his allegations, he may well prevail. Several courts have granted habeas relief based on similar arguments. *See, e.g., Rokhfirooz v. Larose*, Case No. 25-cv-2053-RSH, ECF 8, at *5 (S.D. Cal. Sept. 15, 2025) (granting habeas petition because there was no "significant likelihood that Petitioner" could "be removed" to Iran "in the reasonably foreseeable future"); *cf. Rebenok v. Noem*, Case No. 25-cv-2171-TWR, ECF 14, at *15 (ordering petitioner's release because respondents "failed to demonstrate a significant likelihood of removal to Ukraine in the reasonably foreseeable future"). Ultimately, this Court finds the likelihood-of-success factor to be neutral or to weigh slightly in favor of the appointment of counsel.

The other primary consideration—the complexity of the legal issues involved—points more decidedly in favor of appointing an attorney. The parties here must interpret intricate statutes, grapple with indefinite-detention-related common law, and navigate sometimes complicated agency regulations. *See, e.g.*, 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 690; 8 C.F.R. § 241.13(i)(2). And this painstaking legal undertaking is entirely within the immigration context, which has "been deemed second only to the Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002). Given Soryadvongsa's background as a "welder" who has "no legal education or training" (ECF 1, at 25; *see also* ECF 2, at 3), he has adequately shown that he cannot "articulate his claims" without a lawyer. *See Wilborn*, 789 F.2d at 1331; *see, e.g., Phan v. Warden*, Case No. 25-cv-2369-AJB, ECF 5, ECF 8 (S.D. Cal. Sept. 25, 2025) (appointing counsel for a habeas petitioner in the immigration context whose claims

implicated 8 U.S.C. § 1231(a)(6), *Zadvydas*, and 8 C.F.R. § 241.13(i)(2)); *Rebenok*, 25-cv-2171-TWR, ECF 6 (same).

The Court appoints Federal Defenders of San Diego, Inc., to represent Soryadvongsa, given that organization's expressed willingness to represent him in this matter. (*See generally* ECF 2.)

## MOTION FOR TEMPORARY RESTRAINING ORDER

Soryadvongsa also asks this Court to issue a temporary restraining order (1) requiring that the government "reinstat[e] Petitioner's release on supervision" and (2) "prohibiting the government from removing him to a third country without an opportunity to file a motion to reopen" with an Immigration Judge. (ECF 3, at 2.) A temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In particular, Soryadvongsa must clearly demonstrate that: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Id.*; *see also Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019) ("The standard for obtaining a temporary restraining order is identical to the standard for obtaining a preliminary injunction, with the primary difference being [timing].").

The meager evidence currently before the Court falls short of that high standard. Soryadvongsa's motion and much of his habeas petition are not sworn under penalty of perjury. (*See generally* ECF 1; ECF 3.) The only sworn evidence is the one page of bare-bones facts contained in his declaration. (ECF 1, at 25–26.) That declaration does not *clearly* show, for example, that he is being unconstitutionally detained. In it, Soryadvongsa swears that ICE recently arrested him without "advance notice," without explanation, and without "a chance to contest [his] detention." (*Id.* at 25.) And he asserts that ICE previously detained him in 2002 for "three months" and in 2024 for "three days," but released him each time without removing him from the United States. (*See id.*) Perhaps the government

can show there are "changed circumstances" that will permit a prompt and legal removal now. *See* 8 C.F.R. § 241.13(i)(2). Or perhaps not. Either way, Soryadvongsa has not established his illegal detention so clearly that this Court can enjoin the government "before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A).

Similarly, Soryadvongsa has not clearly shown that he is likely to suffer the irreparable injury of being deported to a third country without notice and a hearing. For instance, he has not supplied evidence that immigration officials told him this might happen, nor that other Laotian refugees are being subjected to such deprivations. The Court is left with only his unsworn assertion that "ICE's own policies *allow* ICE to remove him to a third country . . . with either 6-to-24 hours' notice or no notice at all" (ECF 3, at 2 (emphasis added)), which is supported by an unsigned, unauthenticated memorandum lacking any letterhead (*id*. at 28–29). Such "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). But there is little evidence in the record to clearly show that will happen here.

The motion for a temporary restraining order is denied. The Court will nonetheless set a hearing on a preliminary injunction, which will allow fuller briefing and argument by all parties.

## CONCLUSION

The Court orders as follows:

1. Soryadvongsa's motion for appointed counsel is **GRANTED**. Federal Defenders of San Diego, Inc., is appointed to represent Soryadvongsa in this case.

2. Soryadvongsa's motion for a temporary restraining order is **DENIED** without prejudice. The Court will consider it instead as a motion for a preliminary injunction.

3. By October 24, 2025, respondents must file their return or answer to the habeas petition and show cause why the writ should not be granted. Any injunction-related opposition is due then as well.

4. By October 31, 2025, Soryadvongsa must file any reply to the government's return or answer to the habeas petition. Any injunction-related reply is due then, too.

5. On **Thursday, November 6, 2025, at 2:00 p.m.**, the Court will hold a consolidated hearing for argument regarding the habeas petition and any preliminary injunction.

Dated:  October 11, 2025

_____
Hon. Andrew G. Schopler
United States District Judge